# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br>vs.<br><br>MAINO DELEON-GODINEZ,<br><br>　　　　　Defendant/Petitioner. | CASE NO. 06cr2504 JM<br>CIVIL NO. 08cv1305 JM<br><br>ORDER DECLINING TO CONSTRUE MOTION AS A MOTION BROUGHT PURSUANT TO 28 U.S.C. 2255; DENYING MOTION FOR A REDUCTION IN SENTENCE |

　　　　On July 18, 2008 Defendant Maino DeLeon-Godinez, proceeding in propria persona, filed a document entitled "Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C. §2255)." ("Motion"). Following a jury trial, on May 29, 2008 the court sentenced Defendant to a term of custody of 60 months, followed by a three year term of supervised release.

　　　　The court declines to construe the Motion as one brought under 28 U.S.C. §2255 because to do so may greatly disadvantage Defendant. See Castro v. United States, 540 U.S. 375, 383 (2003) (district court must provide notice to pro se litigations before construing motion for relief as one arising under 28 U.S.C. §2255); United States v. Seesing, 234 F.3d 456, 463-64 (9th Cir. 2000). The Antiterrorism and Effective Death Penalty Act limits the ability of petitioners to file second or successive motions. 28 U.S.C. §2255(h). In the event that the court accepts Defendant's characterization of the

Motion, he will likely be precluded from challenging his conviction or sentence in the future. To state a claim under 28 U.S.C. § 2255 a petitioner must allege a "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Here, Petitioner fails to identify any violation of federal law. Rather, he "prays that he be granted clemency" to be with his wife and child.[1] (Motion at p.2). As Petitioner does not raise a legal challenge to his conviction or sentence, the court declines to accept Petitioner's characterization of the Motion as one arising under 28 U.S.C. §2255.

However, the court construes Defendant's motion as one arising under 18 U.S.C. §3582(c). This provision permits the court to modify Defendant's sentence when (1) the Director of the Bureau of Prisons so requests; (2) Rule 35 permits; or (3) the Sentencing Commission lowers the pertinent sentencing range. Here, the Director of the Bureau of Prisons has not made a request for a reduction in Defendant's sentence; Rule 35 does not apply to Defendant's situation because he does not timely allege any clear error nor does the Government move for a reduction in Defendant's sentence; and the Sentencing Guidelines under which Defendant was sentenced have not been lowered. Consequently, Defendant is not entitled to a reduction in his sentence.

In sum, the court declines to construe the motion as one brought pursuant to 28 U.S.C. §2255; construes the Motion as a request for a reduction in sentence pursuant to 18 U.S.C. §3582(c); and denies the motion for a reduction in sentence.

**IT IS SO ORDERED.**

DATED: August 5, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

---

[1] The court notes that Petitioner seeks relief from this court in the form of clemency. Clemency is not available from the court. The parole and clemency powers are vested in the executive branch, not the judicial branch. See Affronti v. United States, 350 U.S. 79, 83 (1955).